UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHELLE ROLOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 19-10411-LTS |
| | ) | |
| TIMOTHY CICHOCKI and | ) | |
| Y. DOLLY HWANG, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

March 6, 2019

SOROKIN, J.

On November 5, 2018, plaintiff Michelle Roloff, as manager of the Alexandra A. Jackson, LLC, filed a complaint for summary process for eviction in Eastern Housing Court against defendants Timothy Cichocki and Dolly Hwang. Doc. No. 1-2 at 20. On March 5, 2019, Cichocki and Hwang removed the case to this Court. Doc. No. 1. The notice of removal seeks review of a series of decisions made in Massachusetts state courts between December 2018 and February 2019, claiming that this Court has jurisdiction to do so under 28 U.S.C. §§ 1443 and 1446(b)(3) because defendants now seek to bring causes of action under federal law. Id. at 6.

Defendants' notice of removal is untimely. A defendant seeking removal of a civil action must file a notice of removal in federal court within 30 days of receiving a copy of the initial pleading. See 28 U.S.C. § 1446(a), (b). According to defendants' complaint, they received a copy of the pleadings at least as early as November 2018. Doc. No. 1 at 1. However, defendants

did not file a notice of removal in federal court until March 5, 2019, long after the period created by 28 U.S.C. § 1446(b).

Defendants' notice of removal also fails to demonstrate the existence of federal subject matter jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987). A case may not be removed to federal court on the basis of a federal defense or counterclaim. See id. Roloff's complaint appears to raise solely state law issues, and defendants do not argue otherwise.[1] Although defendants argue that the state courts' actions violated a litany of defendants' constitutional rights, see Doc. No. 1 at 6, reliance on federal law solely for defense or counterclaims cannot and does not create federal jurisdiction.[2]

Finally, the Court notes that this is not the first time that defendants have improperly sought federal court review of state court proceedings. Indeed, in other cases, their repeated efforts have been met with warnings that defendants could face sanctions. See, e.g., Midland Funding, LLC v. Cichocki, Civil No. 10-11207-MLW (D. Mass. filed Jan. 5, 2011); Cichocki et al. v. Town of Rehoboth, Civil No. 13-12182-RGS (D. Mass. filed Dec. 5. 2013); Trustees of the 31 Pinckney Street Condominium Trust v. Cichocki, Civil No. 16-12156-NMG (D. Mass. filed June 15, 2017). Defendants' continued attempts to seek improper removal based on repeated or

---

[1] Defendants make no argument that the case falls under the Court's diversity jurisdiction, see 28 U.S.C. § 1332(a), and there is nothing in the complaint that suggests it might.

[2] Defendants also argue that removal is proper under 28 U.S.C. § 1443, which provides for removal by a person "who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States." But "[t]he Supreme Court has construed this statutory language as being limited to 'any law providing for specific civil rights stated in terms of racial equality.'" Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Defendants advance no claims related to discrimination on the basis of their race.

frivolous arguments after several warnings fairly raise the question of whether their intent is simply to cause delay and expense in the underlying case. Defendants are again warned that continuing to do so may result in monetary fines and other sanctions as warranted.

Because this Court lacks jurisdiction for the reasons stated above, the Court REMANDS this case to the Eastern Housing Court. See 28 U.S.C. § 1447(c).

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge